OCT 21 2025 PM 8:07
FILED - USDC - FLMD - TPA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

MAHMOUD MOHAMAD MEHDI

CASE NO. 8:25-cr-502-VMC-TGW

18 U.S.C. § 1349
26 U.S.C. § 7206(1)

## INFORMATION

The United States Attorney charges:

## COUNT ONE
### (Wire Fraud Conspiracy)

### A. Introduction

At all times relevant to this Information:

1.      Defendant MAHMOUD MOHAMAD MEHDI resided in the Middle District of Florida. MEHDI recruited clients and assisted in the preparation of false and fraudulent tax returns for clients from locations in the Middle District of Florida.

2.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States, including the assessment and collection of taxes owed by its citizens and others. Department of Treasury – IRS Form 1040, U.S. Individual Income Tax Return ("IRS Form 1040") was used by taxpayers to report income and expenses and tax due to the United States. The IRS Form 1040 contained schedules, including IRS Schedules A, Itemized Deductions ("IRS Schedules A"), and IRS Schedules 1,

1

Additional Income and Adjustments to Income ("IRS Schedules 1"). IRS Forms W-2G, Certain Gambling Winnings ("IRS Forms W-2G"), were forms issued by casinos to substantiate claimed gambling winnings and tax withholding. The IRS relied on accurate IRS Forms 1040 and W-2G, and IRS Schedules A and IRS Schedules 1, to administer United States tax laws.

      3.      Casino was a casino located within the Middle District of Florida.

### B. The Conspiracy

      4.      Beginning no later than in or around January 2019, and continuing through in or around December 2022, in the Middle District of Florida and elsewhere, the defendant,

MAHMOUD MOHAMAD MEHDI,

did knowingly and voluntarily combine, conspire, confederate, and agree with others, both known and unknown to the United States, to commit wire fraud, in violation of 18 U.S.C. § 1343.

### C. Manner and Means

      5.      The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

      a.      It was part of the conspiracy that conspirators would and did engage in a tax fraud scheme in which they prepared and caused to be submitted to the IRS fraudulent IRS Forms 1040;

      b.      It was further part of the conspiracy that conspirators would and did identify and obtain taxpayer-clients to be involved in the scheme;

2

c.    It was further part of the conspiracy that conspirators would and did communicate with taxpayer-clients in person and via text messaging;

d.    It was further part of the conspiracy that conspirators would and did obtain the Employee Identification Number (EIN) and address of Casino.

e.    It was further part of the conspiracy that conspirators, including the defendant, would and did request and obtain from taxpayer-clients taxpayer names, street addresses, social security numbers, bank account numbers, bank routing numbers, email addresses, phone numbers, and other personally identifiable information required to prepare tax returns for the IRS;

f.    It was further part of the conspiracy that conspirators would and did use taxpayer-clients' email addresses to create online accounts with a tax preparation software company;

g.    It was further part of the conspiracy that conspirators would and did prepare false and fraudulent IRS Forms 1040, on behalf of themselves and other taxpayers, in which they knowingly included fraudulent information regarding purported gambling winnings and losses and federal tax withholdings;

h.    It was further part of the conspiracy that conspirators would and did use the EIN and address of Casino to cause to be generated electronically false and fraudulent IRS Forms W-2G to substantiate the claimed gambling winnings and tax withholdings;

i.    It was further part of the conspiracy that conspirators would and did cause to be generated electronically false and fraudulent IRS Schedules A and

IRS Schedules 1;

      j.     It was further part of the conspiracy that by including false and fraudulent amounts of gambling winnings, losses, and federal income tax withholdings, the conspirators would and did request, and cause to be requested, from the IRS large refunds to which taxpayers were not entitled;

      k.     It was further part of the conspiracy that conspirators, including the defendant, would and did cause the forms to be submitted online, using commercial tax software, via interstate wires to the required IRS office located outside the State of Florida;

      l.     It was further part of the conspiracy that conspirators would and did cause refunds to be issued by the IRS based upon the false and fraudulent tax returns;

      m.     It was further a part of the conspiracy that conspirators, including the defendant, would and did collect fees from taxpayers in relation to the preparation and presentation of the false and fraudulent IRS Forms 1040;

      n.     It was further part of the conspiracy that conspirators would and did share in the proceeds of the fraud scheme; and

      o.     It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

      All in violation of 18 U.S.C. § 1349.

## COUNT TWO
### (Making and subscribing a false tax return)

6.    The United States Attorney realleges and incorporates by reference the paragraphs contained in Section A of Count One of this Information as though fully set forth herein.

7.    In or around February 2021, in the Middle District of Florida, the defendant,

MAHMOUD MOHAMAD MEHDI,

did willfully make and subscribe, and did willfully aid, abet, assist, and cause to be made and subscribed, a U.S. Individual Income Tax Return, IRS Form 1040, for the tax year 2020, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true and correct as to every material matter. That IRS Form 1040, which was prepared and signed in the Middle District of Florida and was filed with the IRS, stated that the defendant i) had $171,548 in gambling winnings and $42,887 in federal income tax withheld, as purportedly reported by Casino on an IRS Form W-2G, when in fact, according to records provided by the Casino, the defendant had no such gambling winnings, (ii) had $171,548 of gambling losses, as reported on IRS Schedule A, when in fact the defendant had no such losses, and (iii) was entitled to a payment of an IRS refund of taxes in the amount $37,635, whereas, as the defendant then and there well knew and believed, each of those items that the defendant reported on the tax return were false, and the refund claimed on that tax return was false and the defendant was not

entitled to a tax refund.

In violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2.

## FORFEITURE

1.      The allegations contained in Count One of this Information are incorporated by reference for the purpose of alleging forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1349, the defendant,

MAHMOUD MOHAMAD MEHDI,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), any property, real or personal, involved in such offense, or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of approximately $137,931.33, which represents the proceeds the defendant obtained from the offenses.

4.      If any of the forfeitable assets described above, as a result of any act or omission of the defendant:

     (a)   cannot be located upon the exercise of due diligence;

     (b)   has been transferred or sold to, or deposited with, a third person;

     (c)   has been placed beyond the jurisdiction of the Court;

     (d)   has been substantially diminished in value; or

     (e)   has been commingled with other property which cannot be subdivided without difficulty,

6

the United States of America shall be entitled to forfeiture of substitute property

under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

GREGORY W. KEHOE
United States Attorney

By: _____

Jennifer L. Peresie
Assistant United States Attorney

By: _____

FOR: Samantha J. Newman
Assistant United States Attorney

By: _____

FOR: Brooke M. Padgett
Assistant United States Attorney

By: _____

Carlton C. Gammons
Assistant United States Attorney
Chief, Economic Crimes Section

7